IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALEXANDER ZAPATA-MOLINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 321-013 |
| | ) | |
| STACEY STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McCrae Correctional Institution in McRae Helena, Georgia,

brings the above-captioned petition pursuant to 28 U.S.C. § 2241.  Respondent moves to

dismiss the petition.  For the reasons set forth below, the Court **REPORTS** and

**RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 4), the petition

be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be

**ENTERED**.

## I.      BACKGROUND

On July 17, 2019, while on probation for a state cocaine possession conviction from

Broward County, Florida, case number 17009279CF10A, Petitioner was arrested pursuant to

a warrant for probation violations related to state charges for forgery and theft by receiving

stolen property.  (Doc. no. 4-1, Ex. 1, Hodge Aff. ¶ 6 & Attachs. 2, 3.)  The Circuit Court in

and for Broward County, Florida revoked Petitioner's probation on July 22, 2019 and

sentenced him to 180 days with credit for six days.  (Hodge Aff. ¶ 6 & Attachs. 2, 3.)  On August 16, 2019, while serving his state sentence for the probation violation, Petitioner was charged in a multi-count indictment in the United States District Court for the Southern District of Florida, United States v. Zapata-Molina, No. 1:19-cr-20517-JEM-1 (S.D. Fla. 2019), on charges for use of counterfeit access devices, and aggravated identity theft.  (Hodge Aff. ¶ 7 & Attach. 4.)  Based on the arrest warrant issued pursuant to the indictment, the United States Marshals Service temporarily removed Petitioner from state custody on August 30, 2019, pursuant to a federal writ of habeas corpus *ad prosequendum.*  (Hodge Aff. ¶¶ 7, 8 & Attachs. 4, 5.)

Petitioner completed his Florida probation violation sentence on November 12, 2019, and the United States Marshals Service took primary jurisdiction of Petitioner.  (Hodge Aff. ¶ 9 & Attach. 6.)  On February 20, 2020, United States District Judge Jose E. Martinez sentenced Petitioner to a total term of thirty-four months in prison based on Petitioner's guilty plea to one count each of using counterfeit access devices and aggravated identity theft.  (Hodge Aff. ¶ 10 & Attachs. 1, 7.)

Because Petitioner satisfied his state obligation on case number 17009279CF10A in Broward County as of November 12, 2019, the Bureau of Prisons (BOP) (1) commenced Petitioner's thirty-four month federal sentence imposed by Judge Martinez on February 20, 2020; and (2)  applied jail credit to the federal sentence from the day after Petitioner's state sentence ended, November 13, 2019, through the day prior to imposition of the federal sentence, February 19, 2020.  (Hodge Aff. ¶¶ 11-14 & Attachs. 1, 9.)  Petitioner's projected release date after credit for good conduct time is April 12, 2022.  (Hodge Aff. ¶ 4 & Attachs. 1, 9.)

Petitioner filed no grievance with McRae Correctional Institution before filing this petition. (Hodge Aff. ¶ 18, doc. no. 7, p. 3.) Rather, Petitioner states Judge Martinez denied his post-conviction motion to amend the judgment because a § 2241 petition is the correct format to challenge sentence computations, and Petitioner therefore filed the instant petition asserting administrative remedies would be futile. (Doc. no. 1 pp. 2-14; doc. no. 7, p. 2.) Respondent moves to dismiss the petition, arguing Petitioner failed to exhaust administrative remedies and Petitioner's projected release date is correct because he is not entitled to credit on his federal sentence for time already credited to his state sentence. (See generally doc. no. 4.)

## II.    DISCUSSION

### A.    The Court Does Not Determine Whether Petitioner Exhausted Available Administrative Remedies

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (*per curiam*). Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 475. However, "a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. at 475 (citation omitted).

Respondent argues Petitioner has not initiated, let alone exhausted, the administrative remedy process codified in 28 U.S.C. § 542.10 *et al.* (Doc. no. 7, pp. 5-6; Dykes Decl. ¶¶ 5-8.) Petitioner does not contest his failure to utilize BOPs administrative remedy process, but

he contends administrative review would be futile.  (Doc. no. 7, pp. 3-4.)  The Eleventh Circuit

has previously ruled there is no futility exception to the § 2241 exhaustion requirement because

of the jurisdictional nature of such a requirement.  McGee v. Warden, FDC Miami, 487 F.

App'x 516, 518 (11th Cir. 2012) (*per curiam*).  After McGee, however, the law of the circuit

changed:  the exhaustion requirement is not jurisdictional for § 2241 petitions.  Santiago-Lugo,

785 F.3d at 475.  The Eleventh Circuit did not address in Santiago-Lugo whether a futility

exception exists, nor has it done so thereafter.  Because it is unclear whether a futility exception

exists and, if so, what standard applies, the Court will "skip over the exhaustion issue" and

address Petitioner's grounds for relief on the merits.  Id.

> **B.      Petitioner is Not Entitled to Credit for Time Served in Temporary Custody of the Unites States Marshals Service**

The issue Petitioner raises concerning the computation of his sentence is governed by

18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual

(CCCA of 1984).  The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting.  First, to qualify for a credit,

the defendant must have served the time as a result of either the offense underlying the sentence

or an offense for which the defendant was arrested after commission of the underlying offense.

18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b). A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)). PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence." PS 5580.28, pp. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Oct. 15, 2020); doc. no. 8-2, p. 45. The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

Petitioner seeks federal credit for time previously credited to his state sentence for a state probation revocation. (Doc. no. 1, pp. 2, 6-8.) However, under § 3585(b), time credited to Petitioner's state sentence cannot be credited again to his federal sentence. See Wilson, 503 U.S. at 337; Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to federal credit for time

previously credited to state sentence).   As explained below, Petitioner's federal sentence commenced the day he was sentenced in federal court by Judge Martinez, and he has received all prior custody credit he is due for the time spent incarcerated prior to imposition of his federal sentence.

## 1.  Commencement of Petitioner's Federal Sentence

The Court starts it analysis with a determination of "the date the sentence commences." According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to . . . the official detention facility at which the sentence is to be served."   Importantly, "when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum,* the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence.  Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011) (*per curiam*) (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)[1]).  Here, Petitioner completed his Florida probation revocation sentence on November 12, 2019, when the United States Marshals Service took primary custody of Petitioner, and Judge Martinez sentenced Petitioner on February 20, 2020.  (Giddings Aff. ¶¶ 7, 8 & Attachs. 5, 6, 7.)  Because Petitioner was not serving any other sentence at the time Judge Martinez imposed the federal sentence, Petitioner's federal sentence began to run the day it was imposed, February 20, 2020.

## 2.     Prior Custody Credit for Time Served Prior to Commencement of Federal Sentence

---

[1]The Eleventh Circuit adopted as binding precedent all opinions handed down by the former Fifth Circuit prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Having determined Petitioner's federal sentence commenced on February 20, 2020, the Court turns to the question of prior custody credit.  Petitioner asks the Court to award him prior custody credit from August 16, 2019, the day on which the United States Marshals Service temporarily removed Petitioner from state custody pursuant to a federal writ of habeas corpus *ad prosequendum*, until the date of his federal sentencing on February 20, 2020.  However, because 18 U.S.C. § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence," as discussed below, Petitioner is only eligible for, and has already received, prior custody credit for the time between when his state sentence ended on November 12, 2019, and his federal sentence began on February 20, 2020.

As explained above, a writ of habeas corpus *ad prosequendum,* does not interrupt the state's custody.  See Butler, 451 F. App'x at 812.  Rather, the writ is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Causey, 621 F.2d at 693; see also Powell v. Jordan, 159 F. App'x 97, 99 (11th Cir. 2005) (*per curiam*) ("[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary.") (citation omitted)). Accordingly, although the United States Marshals Service temporarily removed Petitioner from state custody on a "loan" pursuant to a federal writ of habeas corpus *ad prosequendum* to answer the federal charges on August 16, 2019, the state's custody was never interrupted. See Butler, 451 F. App'x at 812.

Because the time from August 16, 2019, through November 12, 2019, was credited against Petitioner's state sentence, he is not entitled to double credit for that time on his federal sentence. See Wilson, 503 U.S. at 337; Shepherd, 683 F. App'x at 855. Petitioner has received

7

ninety-nine days of credit, from November 13, 2019, through February 19, 2020, on his federal sentence for the time he was detained prior to the date his federal sentence commenced on February 20, 2020.  (Giddings Aff. ¶¶ 9, 10 & Attachs. 1, 8.)  Therefore, he is not entitled to any additional prior custody credit, and Respondent's motion to dismiss should be granted.

## III.    CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241.  Accordingly, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 4), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 1st day of June, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA